BENNETT, District Judge,
dissenting.
I wholeheartedly agree with the majority opinion with one important exception. I easily find the impermissibly admitted character assassination evidence of Steven Sartori tainted the verdict and was not harmless error. Thus, I respectfully dissent. The admission of clearly inadmissible multiple arrests and a misdemeanor conviction of Sartori was an abuse of discretion. It resulted in the County’s grossly unfair, extremely prejudicial, and jaw-dropping blitzkrieg character assassination of Sartori. No civil rights plaintiffs claims could survive such character assassination, let alone Sartori’s. He was hardly a sympathetic plaintiff to begin with. As the majority notes, Sartori was a serial prevaricator. He conceded on cross-examination that he initially lied to the police, lied in his deposition, and even lied on his direct examination. I would add, for good measure, the jury also could reasonably have found Sar-tori lied on cross-examination. Thus, the majority’s view that admission of the challenged evidence was harmless error is neither shocking nor surprising.
Nevertheless, there is a world of difference between admitting to a jury you have lied and the jury being told that, on different but relatively recent occasions, you have been convicted of or at least arrested for a variety of offenses. The difference is even greater when the jury was told the alleged facts supporting those offenses. Specifically, the jury was told that Sartori had been arrested for possession and sale of marijuana; violating a no-contact order; and driving while under the influence, although Sartori denied such an arrest. The jury was told that Sartori had been arrested for possession of two-and-one-half pounds of mushrooms, four-and-one-half pounds of marijuana, 25 grams of hashish, and 150 ecstasy pills, although Sartori claimed not to remember the pills. The jury was also told that Sartori had been arrested and convicted of battery, although Sartori denied the prosecutor’s statement that he “beat somebody up.” I saved the “best” for last: The jury was told Sartori had been arrested for kidnapping his girlfriend and assaulting her with force likely to produce great bodily injury!
Many civil rights cases, like this one, are largely swearing contests between the plaintiff and multiple law enforcement officers. Not even a civil rights plaintiff who had been an Eagle Scout, interned for Mother Theresa, was a ball boy for the L.A. Dodgers, and served in Iraqi Freedom could have withstood the force of the County’s highly prejudicial and inadmissible smear tactics and prevailed. Certainly, Sartori could not.
The admission of this evidence was an *684 abuse of discretion.[1] Mulligan v. Nichols, 835 F.3d 983, 992 (9th Cir. 2016) (“A district court’s evidentiary rulings are reviewed for abuse of discretion.”). It was clearly inadmissible, but even if admissible on some grounds not articulated by the County, the insurmountable prejudice greatly outweighed any marginal probative value.[2]
This evidence must be viewed in the context of the entire record to determine the harmless error issue. United States v. Gadson, 763 F.3d 1189, 1208 (9th Cir. 2014) (whether error in admitting evidence is harmless is determined “in light of the evidence as a whole”). As the majority wisely observes, and I wholeheartedly agree, there was clearly sufficient evidence for the jury to find for the defendants. Indeed, on this record, with or without the character assassination evidence I find inadmissible, had I been the trier of fact, I would have ruled for the defendants, too. But what we think is not the issue: A reasonable jury could have found for the plaintiff or the defendants, especially without the character assassination evidence, where the credibility of the parties was critical to deciding this civil rights case. Id. (error in admitting evidence is only harmless if there is a “fair assurance that the jury was not substantially swayed by the error” (internal quotation marks and citations omitted)). I have no fair assurance that the character assassination evidence did not sway the jurors decidedly against Sartori. Respectfully, I would reverse and order a new trial.

. While the County suggests on appeal the evidence was admissible to show Sartori’s alleged emotional distress was due to his pri- or contacts with law enforcement, I find this argument unappealing for several reasons. First, it has recently been rejected by both the Fourth and Seventh Circuit Courts of Appeals. Smith v. Baltimore City Police Dep’t, 840 F.3d 193, 203 (4th Cir. 2016); Nelson v. City of Chicago, 810 F.3d 1061, 1068-70 (7th Cir. 2016). Secondly, if evidence of prior contacts with law enforcement was admissible on the cause of Sartori’s emotional distress, its potential for undue prejudice could have easily been resolved by letting the County ask about the prior contacts, potentially even including arrests, without getting into the nature of the charges, e.g., kidnapping, battery, and drugs, but without allowing counsel for the County to go even further by discussing the facts allegedly supporting the arrests.

. I asked Sartori’s counsel at oral argument why he had not filed a motion in limine or Fed. R. Evid. 104 motion prior to trial to give the trial judge a heads-up and opportunity to sort through the issues. He responded that he never thought the County would attempt to introduce this evidence. Not a bad answer, but it suggests the adage "an ounce of prevention is worth a pound of cure.” I suspect the County did not file its own pre-trial motion because it preferred its chances of getting this highly questionable evidence in with a surprise attack in the heat of trial. A pre-trial motion, by either party, would have had another advantage: It would have likely obviated yet another issue—whether the plaintiff adequately preserved error by objecting to some, but not all, of the character assassination evidence at trial. See United States v. Sepulveda-Barraza, 645 F.3d 1066, 1070 (9th Cir. 2011) (holding that a motion in limine pretrial preserves a challenge to evidence, without renewal of the objection at trial, where the ruling was “definitive,” based on Fed. R. Evid. 103). Under Fed. R. Evid. 103, any error would have likely been preserved. While I am not free from doubt, for purposes of this dissent, I assume, but do not decide, that error was adequately preserved.